IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SUZANNE ECHANTE,

    Plaintiff,                    No. CIV S-06-1308 LKK KJM PS

    vs.

COUNTY OF MONO, et al.,         FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

        Pending before the court are defendants' motions to dismiss. Oral argument was held before the undersigned on November 1, 2006. Marjorie Manning appeared for defendants; Kevin Reager appeared for the judicial defendants; Timothy Pemberton appeared on his own behalf; plaintiff appeared pro se. Upon review of the documents in support and opposition, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges her civil rights were violated in connection with her alleged use of a watering device during a time period of restricted water use and subsequent criminal prosecution. A mutual restraining order was issued against plaintiff and her neighbors regarding the days and hours they could water because they shared a mutual well. Plaintiff was allowed to water on Tuesday, Thursday and Sunday. Plaintiff was arrested August 6, 2003 (Wednesday) and again on August 9, 2003 (Saturday) for violating the restraining order. The

1

1  initial criminal complaint charged plaintiff with four counts of contempt for willful violation of
2  the restraining order (July 10, July 30, August 6 and August 9, 2003) and one count of resisting
3  arrest/obstructing a peace officer in the discharge of his official duties.  The third and final
4  amended criminal complaint ultimately charged plaintiff with two counts of disobeying a
5  harassment court order; she was convicted of the charge relating to the August 6 incident and
6  acquitted on the charges arising out of the August 9 incident.  Plaintiff names as defendants the
7  private lawyer who represented plaintiff in the underlying criminal action (defendant Pemberton,
8  proceeding pro se), the judges and judicial employees who were associated with the criminal
9  prosecution ("judicial defendants") and the Mono County Sheriff's department and deputies who
10 participated in arresting plaintiff ("Mono County defendants").

11             The County defendants move to dismiss any claims arising out of the August 6
12 incident, contending such claims are barred under Heck v. Humphrey, 512 U.S. 477 (1994).
13 Plaintiff conceded at oral argument that because she has not had her conviction invalidated,
14 plaintiff's first cause of action is Heck barred.

15             With respect to claims arising out of the August 9 arrest, there was a probable
16 cause hearing that determined the arrest was supported by probable clause.  Plaintiff's Fourth
17 Amendment claim alleged in plaintiff's second cause of action relative to that arrest is therefore
18 barred by collateral estoppel.  Allen v. McCurry, 449 U.S. 90, 95-96 (1980); see also Barry v.
19 Fowler, 902 F.2d 770, 772-73 (9th Cir. 1990) (warrantless misdemeanor arrest supported by
20 probable cause satisfies requirements of Fourth Amendment).  Similarly, plaintiff's third cause
21 of action for malicious prosecution arising out of the August 9 arrest is barred because plaintiff
22 cannot rejudicate an essential element of that tort, i.e., lack of probable cause.  See Sheldon
23 Appel Co. v. Albert & Oliker, 47 Cal. 3d 863, 871 (1989) (probable cause element of tort of
24 malicious prosecution).[1]

25

26   [1] In opposition, plaintiff contends she also has a claim for malicious prosecution arising out of the three criminal charges that were dismissed.  There is nothing in the record to indicate a

2

Plaintiff also alleges in the fourth cause of action that defendants conspired to deprive her of a right to a fair trial. Plaintiff cannot mount a challenge to the fairness of the trial with respect to the August 6 arrest because contesting the validity of the underlying conviction is a collateral attack barred under Heck. With respect to the trial on the charge arising out of the August 9 arrest, there was no constitutional deprivation because plaintiff suffered no injury, i.e., she was acquitted.[2]

The County also correctly contends that all of plaintiff's state law claims are barred by the statute of limitations.[3] Plaintiff made a tort claim to the County on January 26, 2004, which was rejected on March 4, 2004. She then had six months to file a suit, except for the period during which her action was tolled due to the pendency of the criminal action. Cal. Gov't Code §§ 945.3, 945.6  The criminal prosecution was no longer pending after August 18, 2005.[4] The action here was filed June 14, 2006, long after expiration of the six month statutory time period. Cal. Gov't Code §§ 945.3, 945.6.

With respect to the state law claims against the judicial defendants, plaintiff concedes she did not comply with the Tort Claims Act and those claims are accordingly barred. As to the federal claims against the judicial defendants, they are sued in both their individual and official capacities. The official capacity claims fail because these defendants are state officials

---

favorable termination of those charges indicative of innocence of the accused; thus, a claim for malicious prosecution cannot lie. See Jaffe v. Stone, 18 Cal. 2d 146, 150 (1941). Leave to amend would therefore be futile.

[2] The defendant County's additional argument that it is entitled to dismissal because plaintiff alleges no official policy that gave rise to a constitutional deprivation is well taken. See Monell v. Department of Social Servs., 436 U.S. 658 (1978).

[3] Defendants concede that the state law malicious prosecution claim is not barred by the statute of limitations. With respect to such a claim, however, the cause of action is barred under California Government Code §§ 821.6 and 815.2, which provide immunity for prosecution even if done maliciously and without probable cause. As discussed above, any claim under § 1983 for malicious prosecution cannot lie for other reasons.

[4] The time during which plaintiff appealed the criminal proceedings does not toll the statute of limitations. Cal. Gov't Code § 945.3.

3

1  and are not persons within the meaning of section 1983.  Will v. Michigan Dept. of State Police,
2  491 U.S. 58, 71 (1989); Cal. Gov't Code § 811.9 et seq.  To the extent they are sued as
3  individuals, all the claims fail because these defendants are entitled to judicial immunity.  See
4  Stump v. Sparkman, 435 U.S. 349 (1978); see also Mullis v. U.S. Bankruptcy Court, 828 F.2d
5  1385, 1390 (9th Cir. 1987).  In addition, any claim that the judicial defendants and defendant
6  Pemberton conspired to deny plaintiff a fair trial must fail for the same reasons asserted by the
7  County defendants and discussed above.  With respect to plaintiff's claim that the judicial
8  defendants caused plaintiff constitutional harm because they declined to hire her as a court
9  reporter during and subsequent to the criminal proceedings, that claim must fail because the right
10 to pursue work is not a fundamental right and there is no claim of discriminatory animus toward
11 a protected class.  See Conn v. Gabbert, 526 U.S. 286, 292 (1999); see also Sagana v. Tenorio,
12 384 F.3d 731, 743 (9th Cir. 2004), cert. denied, 543 U.S. 1149 (2005).

13         Accordingly, IT IS HEREBY RECOMMENDED that defendants' motions to
14 dismiss be granted and this action be dismissed.

15         These findings and recommendations are submitted to the United States District
16 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
17 twenty days after being served with these findings and recommendations, any party may file
18 written objections with the court and serve a copy on all parties.  Such a document should be
19 captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the
20 objections shall be served and filed within ten days after service of the objections.  The parties
21 are advised that failure to file objections within the specified time may waive the right to appeal
22 the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23 DATED:  December 14, 2006.

_____
U.S. MAGISTRATE JUDGE

006
echante.57

4